IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTORIA GREENE,  )
      Plaintiff,  )
      vs.  )   Civil Action No. 10-1165
FISHER AND FISHER,  )
      Defendant.  )

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

On September 2, 2010, Plaintiff, Victoria Greene, filed a Motion for Leave to Proceed *in forma pauperis.* (Docket No. 1). I granted said Motion on September 7, 2010. (Docket No. 2). On September 7, 2010, *in forma pauperis* Plaintiff's Complaint was filed. (Docket No. 3).

Under 28 U.S.C. §1915(e)(2), district courts must dismiss a claim filed *in forma pauperis* if the court determines, *inter alia,* that the action is "frivolous or malicious" or that it "fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i), (ii). The court may *sua sponte* dismiss an *in forma pauperis* complaint under this provision "at any time" during the cause. *Id.*

The language in §1915(e)(2)(B)(ii), "fails to state a claim upon which relief may be granted," is substantially similar to that used in Federal Rule of Civil Procedure 12(b)(6). When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. Aug. 18, 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing, F.R.Civ.P. 8(a)(2).

In Plaintiff's Complaint she asserts that jurisdiction is based on "28 U.S.C. §1332." (Docket No. 3, p. 1). Under the basis of jurisdiction on the civil cover sheet, however, Plaintiff did not check the diversity box (which would indicated that jurisdiction was based on §1332), but instead checked two other boxes. (Docket No. 3-1, p. 1). The first box checked indicates that the Plaintiff is the U.S. Government. *Id.* The second box checked indicates that there is a federal question in a case where the U.S. Government is not a party. *Id.*

According to the Plaintiff, both the Plaintiff and the Defendant are residents of Pennsylvania. As a result, there is no diversity jurisdiction. *See,* 28 U.S.C. §1332.[1]

Additionally, it is clear from the Complaint that Plaintiff is not the federal government. *See,* Complaint, ¶1.

That leaves jurisdiction based on a federal question, 28 U.S.C. §1331. Pursuant to §1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A review of the Complaint indicates that there is no federal question at issue. *See,* Docket No. 3. Furthermore, this court cannot find a plausible basis for jurisdiction over the facts as alleged or any amendment thereof, thus making an amendment futile. Consequently, this Court has no jurisdiction to consider the matters set forth in the Complaint.[2]

THEREFORE, this 13th day of September, 2010, it is ordered that Plaintiff's Complaint (Docket No. 3) be dismissed with prejudice based on lack of jurisdiction pursuant to 28 U.S.C. §1915(e)(2)(B).

---

[1] Section 1332(a), regarding diversity of citizenship, provides as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> > **(1)** citizens of different States;
> >
> > **(2)** citizens of a State and citizens or subjects of a foreign state;
> >
> > **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C.A. § 1332(a).

[2] As a *pro se* litigant, Plaintiff is entitled to a "less stringent" interpretation of her pleadings than those applied to "formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). This leniency, however, does not excuse a *pro se* plaintiff establishing jurisdiction.

This case shall be marked "CLOSED."

BY THE COURT:

s/ Donetta W. Ambrose
   Donetta W. Ambrose
   United States District Judge